23 F.3d 408
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Christopher TRAYLOR, Plaintiff-Appellant,
v.
Scott DAVIS, Defendant-Appellee.
 No. 93-2609.
 United States Court of Appeals, Sixth Circuit.
 May 3, 1994.
 
 1
 Before: GUY and NELSON, Circuit Judges, and QUIST, District Judge.*
 
 ORDER
 
 2
 Christopher Traylor, a pro se prisoner currently confined at the Ionia Maximum Correctional Facility (IMCF), appeals a district court judgment granting the defendant's motion to dismiss in this civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The events of which Traylor complained allegedly occurred while he was confined at the State Prison of Southern Michigan (SPSM) in Jackson, Michigan. Specifically, he claimed that Scott Davis, a Resident Unit Officer assigned to SPSM: 1) violated his First Amendment right of access to the courts by destroying his court of appeals criminal brief; 2) violated his Fourth and Fifth Amendment rights to be free from unreasonable search and seizure, without due process, by seizing his property; 3) violated his Eighth Amendment right to be free from cruel and unusual punishment by deliberately pouring Traylor's blood pressure medication down the toilet; and 4) violated his Fourteenth Amendment right to substantive due process by an oppressive and egregious abuse of governmental powers. Traylor sought only damages and sued Davis in his individual capacity.
 
 
 4
 On March 31, 1993, Davis filed a motion to dismiss or, in the alternative, for summary judgment. The matter was referred to a magistrate judge who issued a report recommending that the motion for summary judgment be granted in part and denied in part. The district court accepted the magistrate judge's recommendation on November 8, 1993.
 
 
 5
 Thereafter, on November 24, 1993, Davis filed an answer which the district court treated as a motion for reconsideration of the November 8, 1993, order under Local Rule 7.1(h). On December 2, 1993, the district court filed an order granting Davis's motion to dismiss and vacating the November 8, 1993, order. Judgment was entered on December 3, 1993. Traylor's subsequent motion for reconsideration was denied in an order filed December 14, 1993.
 
 
 6
 Upon review, we conclude that the dismissal was proper as Traylor undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Allard v. Weitzmen (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir.1993); Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir.1993).
 
 
 7
 The district court properly dismissed Traylor's due process claims. Not having shown the inadequacy of the state's corrective process, Traylor has failed to state a cause of action for a deprivation of his procedural due process rights. Zinermon v. Burch, 494 U.S. 113, 136-37 (1990); Hudson v. Palmer, 468 U.S. 517, 531-33 (1984).
 
 
 8
 The district court properly dismissed Traylor's First Amendment claim. Traylor has not alleged that he has been prejudiced in any legal proceeding as a result of the alleged destruction of his criminal appellate brief, or that he was denied meaningful access to the courts in any way due to Davis's alleged unconstitutional conduct. Bounds v. Smith, 430 U.S. 817, 820 (1977); Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985).
 
 
 9
 The district court properly dismissed Traylor's Fourth Amendment claim. Prisoners do not have a legitimate expectation of privacy, and the Fourth Amendment prohibition against unreasonable searches does not apply in prison cells. Hudson, 468 U.S. at 530.
 
 
 10
 Finally, the district court properly dismissed Traylor's Eighth Amendment claim. In order to state an Eighth Amendment claim of cruel and unusual punishment, Traylor must allege that the defendant was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "A prisoner states a proper cause of action when he alleges that prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir.1976). Traylor has not alleged that he has been exposed to undue suffering because Davis allegedly poured his blood pressure medicine down the toilet. Traylor's allegation of an Eighth Amendment violation is wholly conclusory and fails to specify any incident which shows an "unnecessary and wanton infliction of pain" sufficient to state a claim for relief under 42 U.S.C. Sec. 1983. Therefore, this claim was properly dismissed.
 
 
 11
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gordon J. Quist, U.S. District Judge for the Western District of Michigan, sitting by designation